JANE C. DUNN and HUSBAND *v.* MARGARET E. WOODWARD et al.

Where the husband joins the wife in the suit, and the petition alleges that the wife is herein authorized and assisted by her husband, it is a sufficient authorization for the wife to sue.

A suit to set aside a conveyance from the husband to the wife, on the ground of fraud and simulation, is not a revocatory action, but in effect an action *en declaration de simulation.*

Acknowledgments of the receipt of money by the husband from the wife are not evidence against third persons  not parties to them, and the judgment rendered against the husband in favor of the wife can have no more effect against third persons than the acknowledgments themselves.

The prescription established by Article 1989 of the Code does not apply to simulated sales.

APPEAL from the District Court, Seventh District, Parish of West Feliciana, *Duffel,* J., presiding.  *Brewer & Collins,* for plaintiffs.  *Roselius* and *Ratliff,* for defendants and appellants.

VOORHIES, J.* The object of this suit is to have a sale from *Abisha Woodward* to his wife, *Margaret E. Woodward,* declared to be simulated and fraudulent.

The facts pertinent to the matter in hand are in substance as follows.  On the 15th of March, 1841, *Abisha Woodward* purchased certain slaves at the judicial sale of the succession of *John M. Dunn,* deceased, for the price of $7395, payable one-half on the 15th of March, 1842, and the other half on the 15th of March, 1843, with ten per cent. per annum interest thereon from maturity until paid; and to secure the payment thereof, besides the special mortgage, vendor's privilege reserved on the property, *Franklin Hardesty* became the surety of the purchaser.

On the 4th of January, 1844, *Franklin Hardesty,* as curator of *John M. Dunn's* succession, sued out an order of seizure and sale against *Abisha Woodward,* under which the property thus mortgaged was seized and advertised to be sold by the Sheriff.  An injunction sued out by *Woodward,* arresting the sale, was perpetuated in regard to some of the slaves seized, but dissolved as to the others specially mortgaged to the seizing creditor.   The sale was effected

---

*MERRICK, C. J., having been of counsel, took no part in this decision.

34

by the Sheriff on the 6th of July, 1844. As the proceeds thereof proved to be insufficient to satisfy the amount of the debt, interest and costs, the plaintiff, as sole heir of *John M. Dunn*, whose succession she had accepted purely and simply, instituted an action against *Abisha Woodward*, as principal, and *Franklin Hardesty*, as surety, for the recovery of the balance due on said debt, in which action *Margaret E. Woodward* was also joined as a defendant with her husband, for the purpose of setting aside an alleged fraudulent and simulated sale which her said husband had made to her to shelter all his property from the pursuit of his creditors.

Both *Woodward* and his wife excepted to the jurisdiction of the court, on the ground that they were domiciliated in another parish, in which they claimed the right of being sued. During the pendency of that issue, *Abisha Woodward* died and *Franklin Hardesty* was appointed administrator of his succession. The plaintiff filed a supplemental petition, setting forth the fact, and praying that the suit should be revived against *Hardesty*, as administrator. The latter filed an answer, waiving the plea to the jurisdiction of the court, and declaring that he could not deny the facts alleged in the plaintiffs' petition, and further, that the cause should be transferred to the Probate Court of West Feliciana, where the succession of *Abisha Woodward*, deceased, was opened. The exception of *Margaret E. Woodward* was sustained. On the 30th of March, 1852, there was a judgment rendered in favor of the plaintiff against *Abisha Woodward's* succession for the sum of $5010 with ten per cent. interest per annum on one-half thereof from the 15th of March, 1842, and on the other half from the 15th of March, 1843, subject to a credit of $2262 61¾ paid on the 6th of July, 1844. The present suit was instituted against the administrator of *Woodward's* succession and *Margaret E. Woodward* on the 7th of February, 1854.

The plaintiff, after setting forth the judgment thus obtained by her, and the origin of her claim, in her petition, alleges that *Abisha Woodward*, pretending to be indebted to his wife in the sum of $22,000 for her dotal and extra-dotal rights, conveyed to her in payment thereof, by notarial act dated the 12th of December, 1843, a certain tract of land and fifty-six slaves therein named; that said sale is a mere simulation, fraudulently contrived for the purpose of screening *Woodward's* property from the pursuit of his creditors; that in order to carry out effectually his scheme, his wife instituted a fictitious suit against him for a separation of property, in which she claimed as her paraphernal property, not included in the conveyance to her, land and slaves then in his possession, and through the connivance of the parties that a judgment was accordingly rendered in her favor; and that said pretended transfer, and all the proceedings thereon based, are null and void and of no effect against the plaintiff and the other creditors of *Abisha Woodward*, because the deceased was not indebted to her in any sum whatever, the said transfer, which embraced the whole of his property, being simulated and wholly without any consideration. The petition concludes with a prayer that the land and slaves be decreed to belong to the successsion of *Abisha Woodward*, deceased, and that said pretended act of transfer, dated the 12th of December, 1843, and said judgment of separation of property be decreed absolutely null and void and of no effect, and that so much of said property be sold as may be sufficient to pay said debt, interest and costs.

The general issue and the prescription of one, three, five and ten years in

bar of the action are the only pleas set up by the defendant, *Margaret E. Woodward.* The other defendant, the administrator, admits the truth of the allegations set forth in the plaintiffs' petition, and prays that the land and slaves be decreed to belong to the succession of *Abisha Woodward,* deceased, and as such delivered over to him to be administered upon according to law.

Upon these pleadings and the evidence the cause was submitted to a jury, who returned a verdict in favor of the plaintiff, declaring the sale from *Abisha Woodward* to his wife, *Margaret E. Woodward,* to be null and void. From a judgment rendered thereon, the defendant, after a fruitless attempt to obtain a new trial, has taken this appeal.

The appellants' counsel, in his brief, relies on several points for the reversal of the judgment.

I. It is objected that the plaintiff, *Jane C. Dunn,* being a married woman, could not institute this suit without being authorized to do so, either by her husband or by the court; and as she was authorized by neither, the whole proceedings are null and void, for want of capacity of the plaintiff to stand in judgment. This is an absolute nullity, and avoids all the proceedings had in the case.

The petition begins as follows: "The petition of *Jane C. Dunn,* wife of *James M. Gallent,* of the State of Mississippi, herein aided, assisted and joined by her said husband," and concludes thus: " Wherefore, petitioners bring suit and pray that said *Margaret E. Woodward,* of said parish of West Feliciana, and *Franklin Hardesty,* as administrator of the succession of *Abisha Woodward,* deceased, be cited to answer this petition," etc.

We think this is sufficient. In none of the authorities quoted, in which the objection prevailed, does it appear that the husband had joined the wife either in the petition or the answer. In the cases in which the wife alleged that she was authorized and assisted by her husband, in the absence of proof of such authority, it was held to be fatal. But here it is different: the husband having joined his wife, must be considered as one of the plaintiffs. In case of *Lacour* v. *Delamarre,* 2 An. 140, the court say: " We have held, that where the husband and wife appear in the same suit as plaintiffs or defendants, or the husband appears in court as authorizing his wife, the authority of the husband to the wife's appearance necessarily follows."

II. On the merits, it is objected that the judgment is erroneous, inasmuch as the property thus conveyed to the defendant is decreed to belong to the succession of her husband. The revocatory action being brought by an individual creditor, the contract can only be set aside in so far only as such creditor is concerned.

Were this a revocatory action, the proposition assumed would doubtless be correct. But is it so? We think not. The alleged transfer is attacked as a pretended and simulated agreement, devised for the purpose of screening the property of the deceased from the pursuit of his creditors. It is in effect an action *en declaration de simulation.* 1 An. 132, 262 ; 3 An. 627 ; 4 An. 36 ; 5 An. 400 ; see the case of *Lucas* v. *D'Armond,* ante 168.

Under the issue, it is clear that the appellant was bound to prove the genuineness of her claim against her husband for her dotal and extra-dotal rights, which constituted the alleged consideration of the transfer to her. The judgment of separation could have no more effect againt the creditors of the husband than the pretended agreement itself. 8 N. S. 460 ; 4 L. R. 420. In the

DUNN
v.
WOODWARD.

absence of any such proof on her part, we take it to be clear, that the pretended conveyance to her must be regarded as a mere simulation.

III. The effect of the appellants' judgment against the deceased, which forms the subject of the third ground of objection, has already been considered. Our law views with jealousy all acknowledgments from the husband to the wife of the receipt of money. Such acknowledgments make no evidence against persons not parties to them, unless supported by other circumstances. The judgment rendered between them should not have more force than the confession of the husband in a public act, because that confession would authorize the court to render judgment against him at the suit of the wife. In the case of *DeBlanc* v. *DeBlanc*, 4 L. R. 421, it was held that the allegations of fraud and collusion placed the burden of proof on the plaintiff to show the truth and genuineness of the foundation on which she obtained the judgment against her husband.

IV. The prescription established by Article 1989 of the Civil Code does not apply to simulated sales. 4 An. 36; 3 An, 628.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.